IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUBEN JIMENEZ ESCANDON,

    Plaintiff,

vs.                                                          Civil No. 00-1068 JC/WWD

WACKENHUT CORRECTIONS
CORPORATION, et al.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion for Court to Order Transfer, filed August 14, 2000, **[docket # 8]**.[1]  Plaintiff is incarcerated and is proceeding *pro se* and *in forma pauperis*.  In this civil rights action, Plaintiff alleges violations of Due Process, First and Eighth Amendments and several state statutes, claiming that one of the female guards acted inappropriately in depriving him of privacy during showers.  He also claims that she spread rumors about Plaintiff's engaging in certain private activities during those time, the latter requiring that Plaintiff be placed in segregation.

Plaintiff alleges that he is currently segregated and unable to continue with his legal research for three lawsuits he has filed.  He states that he was denied a request to visit the law library and was told that the facility was re-arranging the schedule for visits to the law library for segregated inmates.  The instant motion requests the Court

---

[1] Given the disposition of the motion, no response is necessary.

to transfer Plaintiff to another state correctional facility where he would not need to be segregated and would thus have better access to the law library.  However, state and federal prisoners "generally enjoy no constitutional right to placement in any particular penal institution."  Prows v. Fed'l Bureau of Prisons, 981 F.2d 466, 468 n.3 (10th Cir. 1992); see Twyman v. Crisp, 584 F.2d 352, 355-56 (10th Cir.1978) (citing Meachum v. Fano, 427 U.S. 215, 226-27 (1976)).  Construing the motion liberally as alleging a denial of access to the courts, I find that Plaintiff has not demonstrated actual injury as a result of curtailed visits to the law library or in not being able to visit the library at times of his choosing.  See Lewis v. Casey, 518 U.S. 343, 350 (1996).

    **WHEREFORE**,

    **IT IS ORDERED** that Plaintiff's Motion for Court to Order Transfer **[docket # 8]** is hereby DENIED.

_____
UNITED STATES MAGISTRATE JUDGE